# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAFAYETTE D. HOLMES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76234

FILED

JAN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant Lafayette Holmes' postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge. The district court denied the petition as procedurally barred. Holmes argues that the procedural bars should be excused because he has shown good cause and actual prejudice or, alternatively, actual innocence. We disagree and affirm.[1]

Holmes' postconviction habeas petition was untimely because it was filed more than two years after remittitur issued on direct appeal on July 27, 2015. *See* NRS 34.726(1); *Holmes v. State*, Docket No. 66755 (Order Affirming in Part, Reversing in Part, and Remanding, June 30, 2015). Holmes' petition was also successive because he had previously filed a postconviction for a writ of habeas corpus. *See* NRS 34.810(2); *Holmes v. State*, Docket No. 71134 (Order of Affirmance, June 14, 2017). Thus, his petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Good cause requires Holmes to show that the basis for a claim was not reasonably available

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

 
19-02801

when he filed his first, timely petition and that he filed the instant petition within a reasonable time of discovering the factual or legal basis for the claim. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003).

Holmes does not demonstrate good cause. Holmes' reliance on *Martinez v. Ryan*, 566 U.S. 1 (2012), is misplaced because the appointment of postconviction counsel is discretionary, *see* NRS 34.750(1), and this court has declined to follow *Martinez*. *Brown v. McDaniel*, 130 Nev. 565, 569, 576, 331 P.3d 867, 870, 874 (2014) (concluding that claims of ineffective assistance of postconviction counsel in noncapital cases do not constitute good cause for a successive petition because there is no entitlement to appointed counsel). Holmes also argued that the ineffective assistance of trial counsel provided good cause. As Holmes' claims of ineffective assistance of trial counsel were reasonably available to be raised in a timely petition and Holmes thus did not show an impediment external to the defense prevented him from complying with the procedural time bar, we conclude that those claims do not provide good cause. *See Hathaway*, 119 Nev. at 252-53, 71 P.3d at 506. As Holmes did not show good cause, we conclude that the district court correctly applied the mandatory procedural bars. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

Holmes next argues that failing to consider his claims on their merits would amount to a fundamental miscarriage of justice. Holmes must show that "it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence," *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), but he has not identified any new evidence. The district court therefore did not err in denying Holmes' actual innocence claim.

Lastly, Holmes argues that the district court erred in denying his petition without holding an evidentiary hearing or appointing counsel. Holmes has not made any specific factual allegations that would have entitled him to relief, and thus the district court did not err in denying his petition without an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). And as Holmes has not shown that his petition presents difficult issues, that he is unable to comprehend the proceedings, or that counsel was needed to conduct discovery, we conclude that the district court did not abuse its discretion in denying Holmes' motion to appoint counsel. *See* NRS 34.750(1).

Having considered Holmes' contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                              Silver

cc:    Hon. Kathleen E. Delaney, District Judge
       Lafayette D. Holmes
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[2]Regarding Holmes' July 5, 2018, letter, we cannot advise him regarding any actions he should take in what appears to be unrelated federal litigation.